Coös,  
July 1, 1910.

### MAIN *v.* BERLIN DRY GOODS CO.

One who sells merchandise with knowledge that it is to be used in violation of law may recover therefor, if he takes no part in the prohibited transaction.

ASSUMPSIT, on a written contract to purchase a piano.   Transferred without ruling from the September term, 1909, of the superior court by *Chamberlin*, J., on an agreed statement of facts.

The plaintiff agreed to furnish to the defendant coupons to the amount of $20,000.   The denominations vary, but the printed matter on all of them is as follows:

" GRAND PIANO CONTEST CERTIFICATE.

" Save these certificates. Watch our advertisement for conditions and date. The line below is for the name of the contestant.

...... .......... ..... .. ........ ....................................

" These certificates are transferrable before name is signed."

It was understood by both parties that the piano was to be given to the customer of the defendant who within a given time purchased the largest amount of. merchandise, as represented by the coupons. The coupons had no redeemable value and were used only to show the amount of the purchases. After the delivery of the property sold the plaintiff had no control over it, and was in no way connected with the contest.

The defendant contends that the contract is in violation of the laws of the state. If it is not, there is to be judgment for the plaintiff for $228.

*Sullivan & Daley* and *Burritt H. Hinman (Mr. Hinman* orally), for the plaintiff.

*William H. Paine*, for the defendant.

Peaslee, J. It is not necessary to consider whether the scheme the defendant proposed to carry out was prohibited by the statute against lotteries (P. S., *c.* 270, *ss.* 1–5) or by the trading-stamp act (Laws 1905, *c.* 83), or whether the latter act can be sustained. Conceding that it was the purpose of the defendant, known to the plaintiff, to procure the articles sold for use in violation of some valid statute of the state, the plaintiff is still entitled to recover on his contract so long as he himself took no part in the prohibited transaction. The case is not distinguishable from *Bryson* v. *Haley*, 68 N. H. 337.

*Judgment for the plaintiff for $228.*

All concurred.